Steven M. Olson, Esq.
State Bar No. 146120
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 104
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com
Attorney for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

LOLETA CHEESE COMPANY, INC.,

Debtor.

_____/

Case No. 14-11620-AJ
(Chapter 11)

Date: February 4, 2015
Time: 9:00 a.m.
Location: U.S. District Court
3140 Boeing Avenue
McKinleyville, CA

## STATUS CONFERENCE STATEMENT OF DEBTOR

Loleta Cheese Company, Inc., the debtor-in-possession in the above-captioned case (the "Debtor"), files and serves this statement pursuant to the Court's Amended Chapter 11 Status Conference Order and Notice of Possible Conversion or Dismissal dated December 16, 2014.

**1. Do small business or single asset real estate provisions of Bankruptcy Code apply?**

The Debtor is not a small business debtor, nor is this a single-asset real estate case.

**2. The business, financial, and other problems that prompted the bankruptcy filing?**

Creditor Loleta Operations, LLC, the assignee of Bear River Band of Rohnerville Rancheria, filed suit against the Debtor in Humboldt County Superior Court. Loleta tried very hard to negotiate a workout with Loleta Operations, LLC. The efforts did not succeed, however. When Loleta Operations, LLC, obtained an injunction that would have prevented the Debtor from operating its business, the Debtor was forced to file a chapter

**STATUS CONFERENCE STATEMENT OF DEBTOR** - Page 1

11 petition in order to stay the litigation.

    **3. How does the Debtor intend to use the provisions of the Bankruptcy Code to resolve its problems?**

The Debtor has filed suit against Loleta Operations, LLC, to avoid and recover its security interests that were perfected within the insider preference period by the assignor of Loleta Operations, LLC, at a time when the assignor's designees held two of five positions on the Debtor's board of directors (and the principal of Loleta Operations, LLC, had another of the positions on the Debtor's board of directors). The Debtor anticipates that it will obtain a judgment avoiding the insider preference, rendering Loleta Operations, LLC, at most a general unsecured creditor.

The Debtor also anticipates selling excess equipment to generate funds to be used to implement its reorganization plan. The Debtor anticipates that its reorganization plan will propose periodic payments to its general unsecured creditors over a period of years, as it emerges from chapter 11 as an operating company. The particulars regarding the Debtor' plan have not yet been determined, however.

    **4. What cash collateral exists, and how is it being treated.**

Two creditors, Nilsen Feed & Grain Company and Loleta Operations, LLC, assert liens on the Debtor's cash collateral. The Debtor has obtained a Court order authorizing the use of cash collateral. Nilsen's secured claim is in the amount of approximately $45,555.07. Loleta's asserted secured claim is in the amount of approximately $395,000. It is the subject of a pending avoidance proceeding.

    **5. What compensation arrangement has been made with Debtor's counsel, and how has any retainer been handled?**

The Debtor's counsel has been retained on an hourly-fee basis. The $35,000 retainer that was received pre-petition was placed in counsel's client trust account. Counsel has drawn on the retainer as time has been spent on this matter and expenses have been incurred.

//

**6. Has Debtor's counsel obtained Court approval of employment?**

Yes.

**7. Does any professional employed by the estate have malpractice insurance?**

Yes, the Debtor's counsel has malpractice insurance.

**8. Has the Debtor complied with rules and guidelines, including filing of monthly operating reports, establishment of debtor-in-possession accounts, payment of post-petition taxes and U.S. Trustee fees, and proof of adequate insurance?**

The Debtor has established DIP accounts, it has paid all post-petition taxes that have become due and payable, no U.S. Trustee fees have yet become due and payable, and it has adequate insurance. It has filed its November monthly operating report, albeit a few days late. It is about to complete and file its December monthly operating report.

**9. Suggested deadline for plan confirmation.**

The Debtor suggests a June 30, 2015, deadline for plan confirmation.

Dated: January 30, 2015          LAW OFFICE OF STEVEN M. OLSON

BY: */S/ Steven M. Olson*
_____
Steven M. Olson
Attorney for Loleta Cheese Company, Inc.